UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF ASUKA HATAKEYAMA | Case No. 22-mc-80320-JST<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

Before the Court is Petitioner Asuka Hatakeyama's ex parte application for a discovery order pursuant to 28 U.S.C. § 1782 in aid of a foreign proceeding. ECF No. 1. The Court will grant the motion.

I.  **BACKGROUND**

Hatakeyama, a citizen and resident of Japan, intends to bring a civil action in the Tokyo District Court against the operators of the website "suki-kira.com" for allegedly defamatory statements published on the website. ECF No. 1 at 3. Although Hatakeyama does not know the identity of the "suki-kira.com" operators, she has reason to believe that the California-based corporations, Cloudflare, Inc. ("Cloudflare") and Braintree, Inc. ("Braintree") possess that information. *Id.*; ECF No. 1-1. Cloudflare operates servers and content delivery networks for "suki-kira.com" and Braintree provides credit card processing services to Cloudflare. ECF No. 1-1 ¶¶ 10-11. Hatakeyama seeks to serve subpoenas on Cloudflare and Braintree for documents that identify the "suki-kira.com" registrant, administrator, and e-mail address, as well as documents that reflect payments for services made by "suki-kira.com" to Cloudflare. ECF No. 1 at 3-4.

II. **LEGAL STANDARD**

A district court has the authority to grant a Section 1782 application if the following

statutory requirements are met: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)). To satisfy the statute's requirements, the foreign proceeding need only be "within reasonable contemplation," not "'pending' or even 'imminent.'" *Id.* (quoting *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 258-59 (2004)).

Even if an application satisfies the statutory requirements, the district court retains substantial discretion in deciding whether to grant or deny the request. *Intel Corp.*, 542 U.S. at 260-61. In making this decision, courts consider the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance," (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.

"Section 1782 petitions are regularly reviewed on an ex parte basis." *In re Ex Parte Appl. Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016). Although ex parte applications are generally disfavored, the usual concerns associated with them are mitigated because, upon the grant of a Section 1782 application, the opposing party typically retains the right to "raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash." *Id.*

### III. DISCUSSION

#### A. Statutory Requirements

This application satisfies the statutory requirements of Section 1782. First, Cloudflare and Braintree are in San Francisco, which is within the Northern District of California. ECF No. 1-1 ¶¶ 10, 12. Second, the requested documents are to be used in a Japanese civil action in the Tokyo

District Court. *Id.* Although Hatakeyama has not yet filed suit, Hatakeyama's application demonstrates that the proceeding is "within reasonable contemplation" because she intends to commence litigation upon obtaining the identities of the "suki-kira.com" operators. *Intel Corp.*, 542 U.S. at 259; ECF No. 1-1 ¶ 14. Third, the application has been made by a prospective litigant, who qualifies as an "interested person." *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *2 (N.D. Cal. Aug. 10, 2021).

### B. Discretionary Factors

The first discretionary factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding," *Intel Corp.*, 542 U.S. at 244, because "the key issue is whether the material is obtainable through the foreign proceeding." *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *2 (quoting *Varian Med. Sys.*, 2016 WL 1161568, at *3). Hatakeyama contends that Cloudflare and Braintree are outside the Tokyo District Court's jurisdictional reach and that they will not be participants in the anticipated proceedings such that the identity of the "suki-kira.com" operators will be unobtainable absent Section 1782 aid. ECF No. 1 at 6. The Court finds that the factor weighs in favor of granting the application. *See Intel Corp.*, 542 U.S. at 264.

The second factor evaluates the "nature of the foreign tribunal," "character of proceedings underway abroad," and "receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance." *Id.* at 264. "Case law suggests that Japanese courts are generally receptive to discovery taken in the United States pursuant to [S]ection 1782." *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *4 (N.D. Cal. Jul. 4, 2019). The Court finds that the second factor weighs in favor of granting the application.

The third factor considers whether the application "conceals an attempt to circumvent" Japanese proof-gathering restrictions. *Intel Corp.*, 542 U.S. at 265; ECF No. 1 at 4. Because nothing in the application evinces such an attempt, the Court finds that the third factor also weighs in favor of granting the application.

Finally, the fourth factor evaluates whether the requested information is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Hatakeyama seeks documents that contain critical

identifying information of the operators of the website which published allegedly defamatory statements about her. ECF No. 1 at 4. Further, the request is tailored to the identification of the "suki-kira.com" operators and directed at organizations that Hatakeyama is reasonably certain possess the relevant information. ECF No. 1-1 ¶¶ 4-13; *see also* ECF No. 1-1 at 6-7. The fourth factor thus weighs in favor of granting the application.

Therefore, the statutory requirements are met, and the discretionary factors favor granting the application.

## CONCLUSION

For the foregoing reasons, the Court grants the application and hereby orders that Robert W. Cohen is authorized to issue subpoenas to Cloudflare and Braintree as reasonably necessary to obtain the information sought in the Section 1782 application, subject to the following conditions:

1. At the time of service of the subpoena(s), Hatakeyama must also serve a copy of this Court's order on Cloudflare and Braintree. The return date of the subpoena must be at least 30 days from the date of service to allow Cloudflare and Braintree to contest the subpoena if they have a good faith basis for doing so.

2. Within 7 calendar days after service of the subpoena, Cloudflare and Braintree shall notify the website operator(s), including the website registrant, website administrator, and holder of the obtained email addresses and payment information, that his or her identity is sought by Hatakeyama and serve a copy of this Order on the operator(s). The operator(s) may, within 21 days from the date of the notice, file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If any operator contests the subpoena, Cloudflare and Braintree must preserve (but not disclose) the information sought by subpoena pending this Court's resolution of any motion to quash.

/ / /
/ / /
/ / /
/ / /
/ / /

Should a motion to quash be filed, this case shall automatically be reopened. In the meantime, the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 12, 2023



_____
JON S. TIGAR
United States District Judge